JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-08790-KK** | Date: | October 16, 2026 |
|---|---|---|---|
| Title: | ***In Re: Anatoly Krushevsky*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Appellant(s) | Attorney(s) Present for Appellee(s): |
|---|---|
| None Present | None Present |

**Proceedings: (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute**

## I. PROCEDURAL HISTORY

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), an appellant must file a notice of appeal with the bankruptcy clerk within fourteen (14) days of the date of the entry of the Order, Judgment, or Decree from which the appeal is taken. Fed. R. Bankr. P. 8002(a)(1).

Here, Appellant, proceeding pro se and in forma pauperis, filed a Notice of Appeal on July 17, 2026. Dkt. 1. On July 28, 2026, the Clerk of Court issued a Notice of Appeal Deficiency because the Notice of Appeal 1) does not include the title of the order, judgment, or decree; 2) does not include the entered date of the order, judgment, or decree; 3) does not include the addresses and telephone numbers of the opposing parties; and 4) does not include an entered stamped copy of the order, judgment, or decree. Dkt. 3. Appellant was ordered to submit the filings to the United States Bankruptcy Court within 14 days of the Notice. Id.

Appellant failed to file compliant documents with the Bankruptcy Court. Thus, on September 15, 2026, the Court issued an Order to Show Cause ("OSC") why Appellant's action should not be dismissed for failure to prosecute. Dkt. 10. The Court ordered Appellant to file a response to the Order no later than "seven days from the date of [the] Order" and explicitly advised Appellant "failure to timely file a response to this Order will result in this action being dismissed without prejudice for failure to prosecute and comply with Court orders." Id. (citing Fed. R. Civ. P. 41(b)).

On September 28, 2026, Appellant filed a Response, Dkt. 13; however, the Response did not address the deficiencies identified in the Court's OSC, Dkt. 10. Accordingly, on September 30, 2026, the Court did not discharge the OSC but granted Appellant "an additional five (5) days to comply with the Court's Orders." Dkt. 15. The Court directed Appellant to "file a corrected Notice of Appeal with the United States Bankruptcy Court, Central District of California no later than five days from the date of [the] Order" and "expressly warned" Appellant "failure to comply with this Order will result in dismissal of this action without prejudice for failure to prosecute and or comply with Court Orders." Id. (citing Fed. R. Civ. P. 41(b)).

To date, despite multiple opportunities to do so, Appellant has not filed a corrected Notice of Appeal in compliance with the Court's July 28, 2026, September 15, 2026, and September 30, 2026 Orders. Appellant is, therefore, in violation of these Orders. See id.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or comply with court orders. See Fed. R. Civ. P. 41(b); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court order). In deciding whether to dismiss an action for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [appellees]; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)), overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Appellant has not complied with the Court's July 28, 2026 Notice of Discrepancy, Dkt. 3, September 15, 2026 Order to Show Cause, Dkt. 10, nor the September 30, 2026 Order, Dkt. 15. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Appellant does not intend to litigate this action diligently.

The third factor – prejudice to the appellees – also weighs in favor of dismissal. A rebuttable presumption of prejudice to the appellees arises when an appellant unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. It is Appellant's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Appellant has not discharged this responsibility despite having been: (1) instructed on Appellant's responsibilities; (2) granted sufficient time and multiple opportunities in which to discharge them; and (3) warned of the consequences of failure to do so. See Dkts. 3, 10,

15. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Appellant's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Appellant's compliance with court orders or participation in this litigation. Appellant has shown Appellant is either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action. Notably, the Court sua sponte granted Appellant additional time to comply with the initial Court orders, yet Appellant has still failed to address the deficiencies identified over 3 months ago.

Finally, while dismissal should not be entered unless Appellant has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has twice explicitly warned Appellant about the possibility of dismissal, see Dkts. 10, 15.

## III.
## CONCLUSION

Accordingly, this action is **DISMISSED** without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders. **IT IS FURTHER ORDERED** the Clerk of Court shall close this action. (JS-6)

**IT IS SO ORDERED.**